PER CURIAM.
C.L.K. appeals the trial court’s adjudication of dependency concerning her children, D.C., a newborn, and R.C., a year-old sibling. We reverse because the only finding in the dependency order is insufficient to support the order.
C.L.K. gave birth to D.C. on December 19, 1990. At birth, the child weighed six pounds, had Apgar scores of nine and nine, and was otherwise healthy. A drug screen on the child was negative. While in the hospital for this normal delivery, C.L.K. tested positive for cannabinoids on a urinalysis. The technician who performed this test admitted that the test indicated a threshold level of cannabinoids which could have been the result of second-hand smoke at any time within thirty days of the delivery.
The petition alleges several bases for dependency as enumerated in section 39.-01(10), Florida Statutes (Supp.1990). It contains allegations of abuse or neglect in addition to this one drug test. The trial court, however, did not rule on the other grounds. It only found that the mother had tested positive for marijuana when D.C. was born.
This test by itself, with no additional findings of abuse or neglect, is insufficient to support an order of dependency that removes a healthy newborn and a year-old sibling from their mother, and places them in the home of a relative for protective supervision. See § 39.41(l)a, Fla.Stat. (Supp.1990).[1] Cf. § 415.503(9)(g), Fla.Stat. (Supp.1990) (“harm” to a child for purposes of the Child Abuse Training Act includes a mother’s use of a controlled substance during pregnancy if the child experiences specific abnormalities).
We are restricted to considering the factual findings in the order. See Wilkinson v. State, Dep’t of Health & Rehabilitative Servs., 557 So.2d 676, 677 (Fla. 2d DCA 1990). On remand, if HRS still maintains that these children are dependent under the guidelines of chapter 39, it is authorized to file another petition to prove other grounds for dependency.
*30 The adjudication of dependency is reversed.
FRANK, C.J., and LEHAN and A'LTENBERND, JJ., concur.

. Had the trial court entered an order pursuant to section 39.409(2), Florida Statutes (Supp. 1990), withholding adjudication of dependency and placing the newborn’s home under HRS supervision, this might be a different case.